[Cite as *Obermeyer v. Obermeyer*, **2014-Ohio-143.**]

IN THE COURT OF APPEALS FOR MONTGOMERY COUNTY, OHIO

| | | |
|---|---|---|
| JEANNE L. OBERMEYER, nka TRIMBLE | : | |
| Plaintiff-Appellant | : | C.A. CASE NO.    25839 |
| v. | : | T.C. NO.    05DR1135 |
| JAMES A. OBERMEYER | : | (Civil appeal from Common Pleas Court, Domestic Relations) |
| Defendant-Appellee | : | |
| and | : | |
| MONTGOMERY COUNTY CHILD SUPPORT ENFORCEMENT AGENCY | : | |
| | : | |
| Third Party Defendant-Appellant | : | |
| | : | |
| | : | |

. . . . . . . . . .

# **O P I N I O N**

Rendered on the ___17th___ day of ___January___, 2014.

. . . . . . . . . .

JEANNE L. OBERMEYER, nka TRIMBLE, 341 Monteray Avenue, Oakwood, Ohio 45419
        Plaintiff-Appellant

JAMES A. OBERMEYER, 669 Far Hills Avenue, Dayton, Ohio 45419
        Defendant-Appellee

AARON HILL, Atty. Reg. No.0085471, 14 W. Fourth Street, P. O. Box 8744, Dayton, Ohio

45401

Attorney for Third Party Defendant-Appellant

. . . . . . . . . .

FROELICH, P.J.

{¶ 1} The Montgomery County Child Support Enforcement Agency (MCCSEA) appeals from a judgment of the Montgomery County Court of Common Pleas, Domestic Relations Division, which found that James Obermeyer's Notice of Mistake of Fact in regard to an Administrative Adjustment Recommendation (AAR) made by MCCSEA was well-founded. The court vacated the AAR and continued Mr. Obermeyer's child support obligation at an amount set at the time of the 2006 divorce and reaffirmed in a June 2011 agreed order.

{¶ 2} For the following reasons, the judgment of the trial court will be affirmed.

{¶ 3} James Obermeyer and Jeanne Obermeyer (n.k.a. Trimble) were divorced in 2006. They had three minor children at that time; Ms. Trimble was named the residential parent, and Mr. Obermeyer was ordered to pay child support in the amount of $500 per month, per child. Mr. Obermeyer was also ordered to pay spousal support.

{¶ 4} In 2008, 2010, and 2011, the parties filed agreed orders modifying Mr. Obermeyer's spousal support obligation. In the 2011 order, Mr. Obermeyer and Ms. Trimble agreed that Mr. Obermeyer would make a lump-sum payment to Ms. Trimble of $25,000, in exchange for which his spousal support obligation would terminate. Additionally, the agreement expressly stated that there would be no change in child support, which remained at $500 per month per child. (By this time, only one of the three children was still a dependent child for whom child support was owed.) The prior agreements did not address child support.

{¶ 5} In May 2012, Ms. Trimble filed with MCCSEA a Request for an Administrative Review of the Child Support Order. On the form used for this purpose, Ms. Trimble indicated,

as the reason for an administrative review, that it had been "at least 36 months since the date of the most recent child support order." MCCSEA conducted the review in July 2012 and recommended to the trial court that Mr. Obermeyer's child support obligation be increased by approximately $350 per month. The recommendation did not explicitly address Ms. Trimble's assertion that it had been at least 36 months since the most recent child support order. In response to MCCSEA's recommendation, Mr. Obermeyer requested an administrative mistake-of-fact hearing. The hearing was held before a magistrate in September 2012.

{¶ 6}   Following the hearing, the magistrate found that it had not been at least 36 months since the most recent child support order, referencing the June 2011 agreed order. The magistrate also observed that neither party had alleged changes in income or employment status since the 2011 agreed order. Based on these findings, the magistrate stated that the admininstrative adjustment review "shall not be adopted by the court and shall be vacated. Because the Administrative Adjustment review should not have been conducted, the magistrate finds that the last order of the Court issued on June 13, 2011 shall remain in effect."

{¶ 7}   MCCSEA filed objections to the magistrate's decision; Ms. Trimble did not file separate objections. In its objections, MCCSEA argued that, notwithstanding the handwritten notation on the 2011 agreed order[1] stating "no change child support," the agreed order had not actually addressed the issue of child support. MCCSEA placed particular emphasis on the fact that no child support calculation worksheet was attached to the June 2011 order; according to MCCSEA, the agreed order "would be considered voidable" without such a worksheet, because Ohio Adm. Code 5101:12-60-05 and R.C. 3119.02 require the use of a worksheet.

---

[1] All substantive parts of the agreed order were handwritten on a form designed for that purpose.

{¶ 8}    In June 2013, the trial court concluded that the June 2011 agreed order constituted a child support order; accordingly, it agreed with the magistrate's conclusion that MCCSEA had improperly conducted an administrative review when less than 36 months had passed since the prior order.   Thus, the trial court found that Mr. Obermeyer had established a mistake of fact, that MCCSEA's objections were not "well taken," that the administrative adjustment of child support would be vacated, and that child support would remain in effect at $500 per month for one child.

{¶ 9}    MCCSEA appeals from the trial court's judgment, raising two assignments of error, which we will address together.

{¶ 10}    The assignments of error state:

THE TRIAL COURT ERRED WHEN IT OVERRULED THE ADMINISTRATIVE ADJUSTMENT REVIEW.

THE TRIAL COURT ERRED AS A MATTER OF LAW BY FINDING THAT A NEW OR MODIFIED CHILD SUPPORT ORDER NEED NOT INCLUDE A CHILD SUPPORT GUIDELINES WORKSHEET CALCULATION.

{¶ 11}    MCCSEA argues that the 2011 agreed order, which stated that child support would remain unchanged, did not "reset the 36-month clock" for administrative review under Ohio Adm.Code 5101:12-60-05.1(D).

{¶ 12}    Ohio Adm.Code 5101:12-60-05 states that either party to a child support order may initiate an administrative review every 36 months from the date of the "most recent child support order."   Ohio Adm.Code 5101:12-60-05 (Administrative Review and Adjustment

Process), defines the "date of the most recent support order" as "the effective date of the last child support order, which was issued as a result of a calculation using the Ohio child support guidelines, including a no-change order." MCCSEA also relies on R.C. 3119.02, which states that a worksheet must be included in an order "where child support is issued or modified."

{¶ 13} MCCSEA asserts that "the language in the Agreed Order shows no discussion by the Court to analyze child support or that any income or guideline factors were considered for modification of child support." Therefore, MCCSEA contends that the 2011 agreed order was "not a new order based on a guidelines calculation" because no analysis of the guidelines or the worksheet was included in the order. MCCSEA also contends that the 2011 agreed order was not a "new order" because it "reiterated the order already in place from the 2006 Decree of Divorce." MCCSEA argues that, insofar as the 2011 agreed order merely incorporated the existing child support order in effect since the time of the divorce, the 36-month period was properly calculated from the time of the divorce, and an administrative review was not premature. In other words, MCCSEA contends that the 2011 agreed order had to include a child support worksheet and/or some analysis of the guidelines in order for it to be considered a new order.

{¶ 14} The court observed that neither party had argued that there had been a substantial change of circumstances or employment status since the June 2011 agreed order. The trial court concluded that the 2011 order was a "no change order" under the definition set forth in Ohio Adm.Code 5101:12-60-05, and that the inclusion of a child support worksheet was unnecessary if no change in the prior calculation were being made. "[I]f a court is not ordering a modification of an existing child support obligation, then there is no longer any need to ensure that the court properly calculated the amount to be paid, and there is no need to require that the

worksheet be in the record." (Citing *Davidson v. Davidson*, 7th Dist. Belmont No. 07 BE 19, 2007-Ohio-6919.) Further, the trial court concluded that R.C. 3119.02 requires that the court use the child support schedule and worksheet to calculate a support obligation, but does not require that the worksheet be incorporated into the record. Although the trial court did not specifically mention it, we also note that R.C. 3119.02 applies to "any action in which a court child support order *is issued or modified*." (Emphasis added.)

{¶ 15} In our view, the issue presented to the trial court in this case was a factual one, rather than a broad question of statutory or regulatory interpretation. Neither the statute nor the Ohio Administrative Code says that an order to continue (or not to change) child support cannot constitute "the most recent support order." The 2011 agreed order was just that – an order that the obligor continue paying a specific amount of child support. Even MCCSEA does not argue that it was void, only voidable.

{¶ 16} The cases cited by MCCSEA from this district involve modifications in the amount of child support and are factually distinguishable. These cases do not support the proposition that a child support calculation worksheet must be attached even where the amount of child support is unchanged. *See Lenoir v. Paschal*, 2d Dist. Montgomery No. 23732, 2010-Ohio-2922; *In re S.H.*, 2d Dist Montgomery No. 23382, 2009-Ohio-6592. Some of the cases from other districts cited by MCCSEA as requiring a child support worksheet are also factually distinguishable, because they involve an initial award of or modification of child support. *See, e.g., Bernard v. Kuppin*, 1st Dist. Hamilton Nos. C-980360, C-980400, 1999 WL 699595 (Sept. 10, 1999) (modification); *Metcalf v. Metcalf*, 5th Dist. Stark No. 2001CA201, 2002-Ohio-766 (initial child support order).

{¶ 17}    The trial court was called upon to determine whether the parties' agreement in 2011 not to modify child support, and a court order so stating, constituted a reconsideration (and affirmation) of the then-existing child support calculation, such that child support could not be administratively reviewed pursuant to Ohio Adm.Code 5101:12-60-05.1 for 36 months thereafter. At the mistake of fact hearing, Mr. Obermeyer presented evidence that the financial circumstances of the parties had not changed since June 2011, when the agreed order was entered. He presented additional evidence that he hoped the trial court would consider in modifying the child support order, if it rejected his argument that the order should not have been administratively reviewed. There was little, if any, evidence presented by either party as to their intent when they included the notation in the 2011 agreed order that child support would remain unchanged. However, the two prior agreed orders related to spousal support had contained no reference to the child support order. Additionally, R.C. 3119.02 states that it applies to "any action in which a court child support order *is issued or modified*;" the trial court could have reasonably concluded that the parties' agreement to maintain the current level of child support was not the issuance or modification of a child support order, to which R.C. 3119.02 would apply.

{¶ 18}    The trial court reasonably concluded that the 2011 agreed order constituted an agreement by the parties to continue the current level of child support and that, under the facts presented in this case, the agreed order constituted the "most recent child support order." Based on this conclusion, child support was not subject to administrative review by MCCSEA for 36 months, or at least until June 2014.

{¶ 19}    The assignments of error are overruled.

**{¶ 20}** The judgment of the trial court will be affirmed.

. . . . . . . . . .

DONOVAN, J. and WELBAUM, J., concur.

Copies mailed to:

Jeanne L. Obermeyer nka Trimble
James A. Obermeyer
Aaron Hill
Hon. Timothy D. Wood